IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JAY CHRISTIAN DEPUTY, | § |
| | § No. 82, 2021 |
| Respondent Below, Appellant, | § |
| | § Court Below—Court of |
| v. | § Chancery of the State of |
| | § Delaware |
| RALPH PAUL DEPUTY, | § |
| | § C.A. No. 10874 |
| Petitioner Below, Appellee. | § |

Submitted: May 27, 2022
Decided: July 18, 2022

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

(1)    The appellant, Jay Christian Deputy, appeals from the Court of Chancery's final order of judgment, issued March 9, 2021, entering judgment against the appellant in a total amount of $1,170,969,80.  The judgment was the culmination of proceedings in which the Court of Chancery determined, as explained in detail in a 149-page post-trial opinion, that the appellant breached his fiduciary duties as trustee of two family trusts;[1] ordered the appellant to provide an inventory and accounting of both trusts, along with supporting documentation;[2] and removed the

---

[1] *Deputy v. Deputy*, 2020 WL 1018554 (Del. Ch. Mar. 2, 2020).
[2] *Id*; *Deputy v. Deputy*, 2020 WL 1431706 (Del. Ch. Mar. 23, 2020).

appellant as trustee and appointed the appellee, Ralph Paul Deputy, as trustee of the two trusts.[3]

(2) After consideration of the parties' arguments and the record on appeal, we AFFIRM on the basis of the Court of Chancery's March 2, 2020, post-trial Memorandum Opinion; its January 8, 2021, Order Regarding Petitioner's Motion for Monetary Relief: Personal Property;[4] and its February 1, 2021, Order Regarding Petitioner's Motion for Monetary Relief: Trust Principal and Income.[5] The appellant disagrees with the factual findings and credibility determinations made by the Court of Chancery but has not demonstrated that those factual findings and credibility determinations are clearly erroneous.[6]

(3) For similar reasons, the appellant's motion to strike the appellee's answering brief is DENIED. The motion purports to be based on the answering brief's alleged presentation of "altered, fraudulent, and falsified statements" and

---

[3] *Deputy*, 2020 WL 1018554; *Deputy*, 2020 WL 1431706.

[4] *Deputy v. Deputy*, 2021 WL 96927 (Del. Ch. Jan. 8, 2021).

[5] *Deputy v. Deputy*, 2021 WL 325745 (Del. Ch. Feb. 1, 2021).

[6] *See CDX Holdings, Inc. v. Fox*, 141 A.3d 1037, 1041 (Del. 2016) ("After a trial, findings of historical fact are subject to the deferential 'clearly erroneous' standard of review. That deferential standard applies not only to historical facts that are based upon credibility determinations but also to findings of historical fact that are based on physical or documentary evidence or inferences from other facts. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. When factual findings are based on determinations regarding the credibility of witnesses, the deference already required by the clearly erroneous standard of appellate review is enhanced." (citation omitted)); *see also New Castle County v. DiSabatino*, 781 A.2d 687, 690 (Del. 2001) ("When [a trial court's] determination of facts turns on a question of credibility and the acceptance or rejection of 'live' testimony by the trial judge, those factual findings must be given great deference by an appellate court.").

arguments that are "extraneous to trial litigation arguments."[7]  After careful consideration, however, we conclude that the motion actually is based on the appellant's disagreement with the Court of Chancery's factual findings and credibility determinations[8] and his disagreement with the appellee's arguments regarding why the Court of Chancery's judgment should be affirmed.[9]  The statement in the answering brief that Jay Deputy "*calculated and paid* himself a commission of $18,126 in 2008"[10] is somewhat inconsistent with the findings of the Court of Chancery, which appears to have concluded, based on Jay Deputy's testimony, that although he *calculated* a commission of $18,126, he *paid* himself a

---

[7] Motion to Strike at 1-2.

[8] *Compare* Answering Brief at 1 ("Jay did not provide Paul with a copy of the amendments or otherwise explain the amendments to Paul." (challenged in the Motion to Strike at 2)), *with Deputy*, 2020 WL 1018554, at *1 ("Jay never provided Paul with a copy of either amendment, failed to promptly inform Paul that he had amended the trusts, and did not explain the amendments' material effects on Paul's interests."); *compare* Answering Brief at 10 ("The 2004 OFT Amendment provided that the One Flintlock Trust was irrevocable but allowed both Trustees acting unanimously to amend the trust." (challenged in the Motion to Strike at 3)), *with Deputy*, 2020 WL 1018554, at *10 (stating that "[t]his provision states that the [One Flintlock] Trust is irrevocable" and that the 2004 OFT Amendment "overr[ode] [the settlor's] exclusive amendment power and grant[ed] Jay, as co-trustee, limited authority to amend the One Flintlock Trust," and quoting the 2004 OFT Amendment's provisions that "[t]his Agreement of Trust and the trusts created hereby are irrevocable" and "[t]he Trustees acting unanimously may amend any portion of this Agreement of Trust in writing from time to time in any manner that the Trustees deem necessary or advisable"); *compare* Answering Brief at 16 ("The 2008 estate planning documents recast the estate to the format that Jay had pressured his mother to adopt before she first established the Deputy Trust." (challenged in the Motion to Strike at 4)), *with* 2020 WL 1018554, at *17 ("These documents recast the estate to the format that Jay had pressured his mother to adopt before she first established the Deputy Trust.").

[9] *E.g.*, Motion to Strike at 2 (challenging argument in Summary of Argument in Answering Brief that "Jay's baseless accusations against the Court of Chancery, Paul, and witnesses should be disregarded" by stating that "Ameriprise Transcripts counter the 'baseless' accusations").

[10] Answering Brief at 21-22 (emphasis added) (challenged in the Motion to Strike at 5).

commission of between $14,000 and $15,000.[11] This small discrepancy does not warrant striking the answering brief because the Court of Chancery's determinations on the issue are clear and supported by Jay Deputy's own testimony,[12] regardless of how they are characterized in the answering brief, and the appellant has not demonstrated—and we do not see—how the slight misstatement in the answering brief affects the merits of this appeal.

IT IS SO ORDERED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[11] *See Deputy*, 2020 WL 1018554, at *44 (holding that Jay Deputy "breached his duty of loyalty when he used Deputy Trust funds to pay himself a large commission for his efforts as executor of Lillian's estate" and stating that "Jay calculated a commission of $18,126 in 2008, based on his estimated combined value of Lillian's estate and the Deputy Trust of $644,000," "he testified that, of that calculated amount, he paid himself approximately $14,000 or $15,000," "[t]he Deputy Trust mandates that the trustee serve without compensation," "Jay swore in the Small Estate Affidavit that Lillian's estate was worth less than $30,000," and "[t]he commission, at approximately half the upper limit of a qualifying small estate, was not reasonable").

[12] *Deputy v. Deputy*, No. 10874, Docket Entry No. 127, Trial Transcript of June 20, 2019, at 476:23-479:2 (Del. Ch. filed July 24, 2019).

4